[No. 8688.    Department One.    July 8, 1910.]

M. O. REEVES *et al.*, *Appellants*, v. LUDWIG FLATH, *Respondent*.[1]

INJUNCTION—TO RESTRAIN TRESPASS—REMEDY AT LAW. An action for an injunction to restrain trespass upon land is properly dismissed where it appears that the issue to be tried is the right to possession under an unacknowledged lease and whether notice was duly given to terminate the tenancy; since plaintiff had adequate remedies at law.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered July 20, 1909, upon findings in favor of the defendant, after a trial on the merits before

[1] Reported in 109 Pac. 796.

the court without a jury, dismissing an action to restrain a trespass upon real property and for damages. Affirmed.

*Southard & Southard*, for appellants.

*C. J. Lambert* and *Daniel T. Cross*, for respondent.

Morris, J.—Appellants brought the action in March, 1909, claiming ownership and possession of certain agricultural lands in Grant county. It was further alleged that respondent had been a tenant at will of appellants during the years 1907 and 1908, and that in October, 1908, appellants gave him notice in writing, terminating his tenancy and requiring him to vacate the lands; that, disregarding such notice, respondent continued in possession of the lands, cultivating and seeding the same for the 1909 crop, which cultivation and seeding was alleged to be a trespass and of great detriment to appellants' ownership and right of possession, and was causing appellants irreparable injury; that by reason of respondent's trespass appellants had been damaged in the sum of $500, and a continuation of such trespass would result in greater damage. They then prayed for damages in the sum of $500, and for a temporary restraining order preventing respondent from interfering with or trespassing upon the lands, and that upon a hearing such order be made permanent. The restraining order was issued, and respondent appearing, filed an answer, and the cause went to hearing upon the merits, resulting in a dissolution of the restraining order and judgment for respondent. Whereupon this appeal was taken.

The court found that respondent was in possession under an unacknowledged lease executed by appellant M. O. Reeves alone, in February, 1905, whereby it was attempted to lease the lands to one Daniel Vetter for a period of five years from October 1, 1905; that in 1907 Vetter attempted to assign this lease to respondent, who thereupon went into possession with full knowledge and permission of appellants' agent; that appellants' agent had no authority to grant this per-

mission, but that appellants received and accepted the rent from respondent for the years 1907 and 1908. It was then concluded that respondent was not a tenant by sufferance, and could not be required to surrender possession on demand, as contemplated in § 8805, Rem. & Bal. Code; that the lease, though unacknowledged, providing for the annual payment of rent, respondent was a tenant from period to period as rent was payable, and that such a tenancy could only be terminated by a thirty-days' notice preceding the end of any given period; that the notice, given at an unknown day in October, was insufficient for that purpose, inasmuch as it could not terminate the tenancy ending September 30, nor could it be held that it terminated the tenancy on November 15, if the court should conclude that such date was the end of each yearly period, because of the provision of the lease that rent should be payable not later than November 15, the proof not showing the day of service other than some time in October. The court then ended its conclusions by holding that respondent was entitled to a dismissal because of failure to give notice of the termination of the tenancy.

Irrespective of the court's conclusions, its judgment of dismissal was right, as it clearly appears from the allegations of the complaint, and from the proof offered to sustain it, that appellants could not try out such issues in an injunction suit, there being plain, adequate, and speedy remedies at law, in which the rights of the parties could, and only could, be determined. The action for an injunction is not one to try out the right to the possession of property, nor the rights of landlord and tenant under any alleged form of tenancy. Neither was it the proper action to determine a question of trespass.

We therefore conclude that the judgment of dismissal was proper, and the same is affirmed.

RUDKIN, C. J., GOSE, and CHADWICK, JJ., concur.

FULLERTON, J., concurs in the result.